March 14, 1914. The opinion of the Court was delivered by
It appears that upon proper proceedings instituted by B.J. Rhame, Esq., State Bank Examiner, Walter E. Richardson and W.M. Robertson were appointed receivers of the Bank of Brunson, and duly qualified as such receivers, and entered upon the duties of the office. That the respondents, as creditors of the bank, applied for and obtained from his Honor, Judge Rice, a rule requiring them to show cause why they should not be removed as receivers of said bank, and after return was made by them to this rule and a full hearing by Judge Rice, Judge Rice, on May 29, 1913, passed an order removing W.M. Robertson as receiver of said bank, and on May 30, 1913, made an order appointing C.F. Riser, of Olar, S.C. one of the receivers of said bank. From these orders W. M. Robertson appeals. For a proper understanding of the case the order of his Honor of May 29, 1913, removing Robertson, should be set out in the report of the case.
Exception 1 is overruled as the case shows as amended by order of Judge Rice that the attorney for bank examiner was served with the petition and rule issued therein by his Honor.
Exceptions 2, 3, 4, 5, 6 and 7 allege error on the part of his Honor in his finding of facts, and by reason of *Page 417 
such findings his removal of Robertson as receiver. There was ample testimony to sustain his Honor in his finding of facts, and in the exercise of his discretion. He had the right to remove the receiver and we see no erroneous exercise of that discretion. Section 2648, Code of Laws, provides what the bank examiner shall do in case of unsound banks: * * * "he shall have full power upon consultation with the State Treasurer to take and retain possession of all of the assets and property of every description belonging to such bank or banking institution, provided he shall have first applied for and obtained an order of this effect from a Circuit Judge, either residing or presiding, at the time in the Circuit in which such bank or banking institution is located, two days' notice of such application being first given to the board of directors of said bank of the application for said order. And it shall be his duty and he is hereby authorized and empowered to make proper application to the Court for the appointment of himself or some other person as receiver to wind up and settle the affairs of such bank or banking institution." This language is plain and unambiguous. It does not mean, as appellant's counsel contends, that the Court is compelled to name as receiver the bank examiner, or some one named by him, but the Court can name its own receivers. In the exercise of its discretion and its inherent power it can appoint its own officers either the bank examiner, the bank examiner's nominee, or any other suitable person that the Court sees fit, and after such appointment is made, the Court, for sufficient cause shown, such as neglect of duty, incompetency, dissipated habits, etc., may remove its appointee and put in a suitable person. The evidence before his Honor was that the appellant was dissipated, and given to excessive drink, and even when he was ruled to show cause why he should not be removed as receiver he allowed his appetite to get control of him to such an extent that he was unable to attend the hearing of the matter, under such condition his Honor *Page 418 
was justified in removing him, and these exceptions are overruled.
Exceptions 8 and 9 complain of error on the part of his Honor in appointing Riser as a receiver of the Bank of Brunson. These exceptions are overruled as the Court of Common Please has a right to remove a receiver duly appointed for sufficient cause shown, and has a right to administer the funds and estate that it has taken charge of to the best interests of the parties interested, and having rightly removed Robertson, the Court, in the exercise of its discretion, could appoint some suitable person in his place.
Exception 10 is overruled for the reason that the evidence conclusively shows that petitioners are creditors of the Bank of Brunson.
Exceptions 11 and 12 are overruled for the reason we find no erroneous exercise of discretion on the part of his Honor in doing what he had ample power and authority to do by law.
Judgment affirmed.